UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY | * * * | CASE NO. 3:18-CV-01015 |
| VERSUS | * * * | JUDGE SHELLY DICK |
| FIVE STAR INDUSTRIAL, LLC; et al. | * | MAGISTRATE JUDGE WILDER |

*************************************************************************

**FIVE S DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

MAY IT PLEASE THE COURT:

In this case, Employers Mutual Casualty Company (hereinafter "EMC") seeks a declaratory judgment regarding insurance coverage under a Commercial General Liability policy that it issued to Defendant Five S Industrial, LLC and Five Star Industrial, LLC (collectively hereinafter "Five S"). However, as is evident from the numerous references in EMC's Complaint and the attached State Court Action (Ex. 1), the identical matter is currently pending in the 14th Judicial District Court in Calcasieu Parish, Louisiana. Therefore, this Court should abstain from hearing this case, which seeks nothing more than a declaratory judgment on issues already pending in the State Court Action.

**Overview**

EMC has brought this declaratory judgment action in a blatant attempt to use the Declaratory Judgment Act to circumvent the jurisdiction of the state court and avoid the forum chosen by the Lawton Entities, as the true plaintiffs in this dispute. As detailed below, both the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have consistently held that federal courts should abstain from issue judgments when there is parallel

1

litigation pending in state court. Therefore, this Court should dismiss this action and allow the issues to proceed before the State Court where they have been pending for more than eight months.

## Factual and Procedural Background

This matter arises out of a state court proceeding that was filed by the Lawton Entities (also defendants herein) on April 9, 2018 alleging various state court claims against Five S. *See* Ex. 1. On April 10, 2018, Five S answered that State Court Action and filed third-party demands against four other parties who have not been named to this declaratory action. Five S tendered the defense and indemnity of the State Court Action to EMC as its insurer for Commercial General Liability. On the same date that this declaratory judgment action was filed, Five S learned that EMC had appointed claims counsel to participate in the State Court Action on EMC's behalf. Upon learning that EMC was, apparently, denying coverage and appearing pursuant to a reservation of rights, Five S filed a motion to amend its third-party demand to add EMC as a direct party to the State Court Action for both the coverage and defense, as well as statutory bad faith.

## Law and Arguments

The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., confers on the federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The United States Supreme Court in *Wilton* made clear that in the context of the Declaratory Judgment Act, the "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* In the seminal case, *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), the United States Supreme Court held that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit

is pending in a state court presenting the same issues, not governed by federal law, between the same parties."

*Brillhart* involved a factual scenario that was nearly identical to the facts of this case. In *Brillhart*, an underwriter filed a declaratory judgment action in federal court seeking a determination that its policies did not cover the liability of its insured for claims being litigated in a pending state court action. The district court in *Brillhart* dismissed the action. In reversing the appellate court's reversal of that district court decision, the United States Supreme Court held that "since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated a declaratory judgment in the federal court was unwarranted." *Id.* at 494-495.

The *Brillhart* standard has since been tailored by the High Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) by making an exception to abstention in cases involving both declaratory and non-declaratory relief. However, the *Colorado River* doctrine is inapplicable in this case wherein EMC seeks purely declaratory relief relating to pending state court claims. The Fifth Circuit has consistently recognized a clear distinction between *Brillhart* and *Colorado River* based on the nature of the relief sought. *See e.g. American Guarantee & Liability Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 2003); *Diamond Offshore Co. v. A&B Builder, Inc.*, 302 F.3d 531 (5th Cir. 2002). In other words, where, as here, the federal court claim is strictly for declaratory relief, the court should exercise its broad discretion to decline jurisdiction and abstain from interference with the pending State Court Action.

In deciding whether to abstain under *Brillhart*, the Fifth Circuit has provided seven non-exclusive factors for district courts to consider. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994):

(1) Whether there is pending state court litigation in which all of the matters in controversy may be fully litigated;

(2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) Whether the plaintiff engaged in forum shopping in bringing the suit;

(4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) Whether the federal court is a convenient forum for the parties and witnesses;

(6) Whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams, Supra.* at 389 citing *Trejo*, 39 F.3d 590-591. In this case, almost all[1] of the factors weigh in favor of abstention and dismissal.

**(1) There is pending state court litigation in which all of the matters in controversy may be fully litigated.**

There is no question that there is pending state court litigation in which all of the matters in controversy are going to be fully litigated. While EMC was not technically a party to the State Court Action at the time it filed this declaratory action, it has since been brought in as a direct party to that lawsuit. Even before it was named as a third-party defendant, though, EMC's interests were squarely before the State Court vis-à-vis its insured being sued and having tendered the claim to EMC for defense. Courts have recognized that "perfect parallelism" is not required for *Brillhart*

---

[1] Factor seven is not at issue yet, as the State Court has not issued a decree, though the issues will inevitably soon be decided in that forum.

abstention, though "the fact that there is related pending state litigation is a factor that weighs strongly in favor of" abstention. *New England Ins. Co. v. Barnett*, 2007 WL 3288880 (W.D. La. 2007).

**(2) The plaintiff filed suit in anticipation of a lawsuit filed by the defendant.**

EMC has obviously filed this lawsuit in direct response to being asked to defend its insured (named as Defendants herein) in the State Court Action. Rather than appear in the State Court Action under a Reservation of Rights, EMC chose to sue its insured in this Court in an effort to thwart the State Court's ability to hear and decide the claims.

**(3) The plaintiff engaged in forum shopping in bringing the suit.**

As discussed with respect the previous factor, it is obvious that EMC filed suit in the federal court to avoid the State Court's determination of coverage. EMC has an attorney representing its interests in State Court, could have intervened, and has actually now been named as a party. Its insistence on maintaining an action in this Court is evidence of its forum shopping. This type of forum shopping is exactly the rationale behind the discretion granted courts to decline jurisdiction in cases involving declaratory judgments.

As Judge Duplantier stated in *Employers Insurance of Wausau v. Gulf Island Marine, Inc.*, 718 F.Supp. 17 (E.D. La. 1989), "[i]f the U.S. District Courts routinely entertain declaratory actions such as this one, a likely result would be to spawn dual suits whenever a coverage issues arises in a state court claim by a third party against an insured, with a consequent significant increase in system as well as litigant and witness expense." For this reason, Judge Duplantier went on, "[t]he discretion which the declaratory judgment statute gives us should surely be exercised so as to prevent such duplicative proceedings."

**(4) There are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forum.**

With respect to the issue of insurance coverage, Five S and/or the Lawton Entities are the proper "plaintiffs" and their chosen forum, which should be honored, is the Louisiana State Court for the 14th Judicial District in Calcasieu Parish. *See e.g . National Union Fire Insurance Company of Pittsburgh, PA v. Tangipahoa Parish School Board*, 1996 WL 715521 (E.D. La.). "It is a widely recognized principle that 'anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure [because] [i]t deprives the plaintiff of his traditional choice of forum and timing…'" *Id.*

**(5) The federal court is not a convenient forum for the parties and witnesses.**

This case is pending in Lake Charles, Calcasieu Parish, Louisiana. This is where the Lawton Entities are located. This is where the acts giving rise to the State Court Action occurred. This is where Five S was engaged in business covered by the Commercial General Liability policies provided by EMC. All of the witnesses and attorneys are in Lake Charles, with the exception of counsel for EMC (who is not in Baton Rouge either).

**(6) Retaining the lawsuit would not serve the purposes of judicial economy.**

It cannot be reiterated enough that the declaratory action in this Court asserts identical claims to those that will be decided in the State Court Action. There is absolutely no reason for this Court to expend resources deciding the issues presented herein, as they are already poised to be decided by the State Court. In fact, as was the case in the *Tangipahoa Parish* case cited above, the Louisiana State Court is "…better equipped to resolve the coverage issue" since only state law claims are involved. A single judgment from a single court is in the interest of judicial economy.

**Conclusion**

This case embodies the *Brillhart* doctrine and there is absolutely no reason this Court should entertain the request for declaratory relief, since both the coverage issues and the merits of the pending claims will soon be decided by the Louisiana State Court where they have been pending for months prior to EMC's Complaint being filed here. For the reasons discussed herein, Five S respectfully requests that the Court grant its motion and dismiss EMC's Complaint for Declaratory Relief at EMC's sole cost.

Respectfully submitted,

**COX, COX, FILO, CAMEL & WILSON**

<u>s/Somer G. Brown</u>
**SOMER G. BROWN (La. Bar Roll No.: 31462)**
723 Broad Street
Lake Charles, Louisiana 70601
Phone: (337) 436-6611
Facsimile: (337) 436-9541

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by virtue of the Court's electronic filing and case management system on this 12th day of December, 2018.

s/Somer G. Brown
SOMER G. BROWN