UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 18-cv-01015 |
| | * | |
| FIVE STAR INDUSTRIAL, LLC; et al. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
### UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
### FILED ON BEHALF OF DEFENDANTS
### J. LAWTON COMPANY, LLC
### and
### WILLIAM B. LAWTON FAMILY LIMITED PARTNERSHIP

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MAY IT PLEASE THE COURT:

In this case, Employers Mutual Casualty Company (hereinafter "**EMC**") seeks a declaratory judgment regarding insurance coverage under a Commercial General Liability policy that it issued to Defendant Five S Industrial, LLC and Five Star Industrial, LLC (collectively hereinafter "**Five S**"). **Five S** has filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) asking this Court to abstain from hearing this case, rejecting jurisdiction, and not interfering with a parallel State Court Action involving identical claims being litigated in the present matter. For purposes of this Motion to Dismiss, J. Lawton Company, LLC and William B. Lawton Family Limited Partnership (hereinafter "**Lawton**") adopt and aver the positions and arguments raised by **Five S** in its Motion to Dismiss this Declaratory Judgment Action and request that this Court decline jurisdiction and dismiss this Declaratory Judgment Action so that these issues can be properly adjudicated within the pending State Court Action.

1

## Overview

EMC has brought this Declaratory Judgment Action in a blatant attempt to use the Declaratory Judgment Act to circumvent the jurisdiction of the state court and avoid the forum chosen by **Lawton**, as the true plaintiffs in this dispute. As detailed below, both the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit have consistently held that federal courts should abstain from issue judgments when there is parallel litigation pending in state court. Therefore, this Court should dismiss this action and allow the issues to proceed before the State Court where they have been pending for more than eight months.

## Factual and Procedural Background

On April 9, 2018, **Lawton** filed a lawsuit against **Five S** for damages arising from borrow pit operations conducted by **Five S** on property owned by **Lawton**.  Suit was filed in Louisiana State Court, 14th Judicial District, Parish of Calcasieu in the matter entitled "*J. Lawton Company, L.L.C. and William B. Lawton Family Limited Partnership versus Five Star Industrial, LLC and Five S Industrial, LLC*" bearing docket number 2018-1470-F (hereinafter "State Court Action"). **Lawton** did not name **EMC** as a defendant to the principal demand.

In response to the State Court action, **Five S** filed an Answer and Third Party Demand against other parties seeking recovery against them for the claims being asserted by **Lawton**, along with other independent claims.  On April 16, 2016, **Five S** tendered the defense and indemnity of the State Court Action to its commercial liability insurer **EMC**.

On November 15, 2018, **EMC** filed the present action seeking Declaratory Judgment that it does not owe a defense and indemnity to **Five S** for claims asserted in the State Court Action, and issued a letter of reservation of rights to **Five S** as to the tender of defense and indemnity.

**Five S** has filed a Motion to Dismiss the Declaratory Judgment Action pursuant to Federal Rule of Civil Procedure 12(b)(6) in this Declaratory Judgment Action, and has also filed a Third Party Demand against **EMC** in the State Court Action seeking a ruling finding that it is owed defense and indemnity for the claims asserted by **Lawton** in the State Court Action.

In its Motion to Dismiss, **Five S** contends that the State Court Action involves the exact same transactions and occurrences for which **EMC** now seeks Declaratory Judgment from this Court and that the State Court Action is the best avenue for determining the issues as to insurance coverage, defense, and indemnity for the claims asserted. **Five S** contends abstention is proper in this matter because **EMC** is attempting to litigate the State Court claims in Federal Court with parallel litigation pending.

**Lawton** concurs with the positions taken by **Five S** in the Motion to Dismiss this Declaratory Judgment Action as it concerns insurance coverage as to the claims asserted in the State Court Action. **Lawton** believes these issues should be addressed within the State Court Action to assure consistent findings, efficient handling of the matter, and avoiding the unnecessary waste of time and resources for this Court. For these reasons, **Lawton** requests this Court to exercise its broad discretion to decline jurisdiction and abstain from interference with the pending State Court Action.

## Law and Arguments

The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., confers on the federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The United States Supreme Court in *Wilton* made clear that in the context of the Declaratory Judgment Act, the "normal principle that federal courts should adjudicate claims within their jurisdiction yields to

considerations of practicality and wise  judicial administration." *Id.*   In the seminal case, *Brillhart v. Excess Ins. Co. of America*, 316 U.S.  491 (1942), the United States Supreme Court held that "[o]rdinarily it would be uneconomical as  well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the  same parties."

*Brillhart* involved a factual scenario that was nearly identical to the facts of this case. In *Brillhart*, an underwriter filed a declaratory judgment action in federal court seeking a determination that its policies did not cover the liability of its insured for claims being litigated in  a pending state court action. The district court in *Brillhart* dismissed the action. In reversing the  appellate court's reversal of that district court decision, the United States Supreme Court held that  "since another proceeding was pending in a state court in which all the matters in controversy  between the parties could be fully adjudicated a declaratory judgment in the federal court was  unwarranted." *Id.* at 494-495.

The *Brillhart* standard has since been tailored by the High Court in *Colorado River Water  Conservation District v. United States*, 424 U.S. 800 (1976) by making an exception to abstention  in cases involving both declaratory and non-declaratory relief. However, the *Colorado  River* doctrine is inapplicable in  this  case  wherein  EMC  seeks  purely declaratory  relief relating  to  pending  state  court  claims.  The  Fifth  Circuit  has consistently  recognized  a clear  distinction  between  *Brillhart* and  *Colorado River* based on the  nature  of  the  relief  sought. *See  e.g.  American  Guarantee  &  Liability  Co.  v.  Anco Insulations,  Inc.*, 408  F.3d 248, 251 (5th Cir. 2005); *Sherwin- Williams  Co.  v.  Holmes County*, 343  F.3d  383  (5th Cir. 2003); *Diamond  Offshore  Co.  v.  A&B  Builder,  Inc.*, 302 F.3d 531 (5th Cir. 2002). In other words, where, as here, the federal court claim  is strictly for

declaratory relief, the court should exercise its broad discretion to decline jurisdiction  and
abstain from interference with the pending State Court Action.

In deciding whether to abstain under *Brillhart*, the Fifth Circuit has provided seven
non-exclusive factors for district courts to consider. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585
(5th Cir.  1994):

(1) Whether there is pending state court litigation in which all of the matters in
controversy  may be fully litigated;

(2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) Whether the plaintiff engaged in forum shopping in bringing the suit;

(4) Whether possible inequities in allowing the declaratory plaintiff to gain precedence
in time or to change forums exist;

(5) Whether the federal court is a convenient forum for the parties and witnesses;

(6) Whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) Whether the federal court is being called on to construe a state judicial decree
involving  the same parties and entered by court before whom the parallel state suit
between the  same parties is pending.

*Sherwin-Williams, Supra.* at 389 <u>citing</u> *Trejo*, 39 F.3d 590-591.  In this case, almost all of
the factors weigh in favor of abstention and dismissal.

**(1) There is pending state court litigation in which all of the matters in controversy may
be  fully litigated.**

**Lawton** filed a principal demand against Five S seeking damages pursuant to various
theories of recovery including tort liability.  **EMC** apparently issued policies of Commercial
General Liability coverage to **Five S** during the applicable time frame as set forth in the
principal demand.  **EMC** has issued contracts of liability insurance to **Five S** providing
indemnity for claims arising from its negligent conduct subject to the terms and conditions of
the contracts of insurance.  **EMC**, while not a party to the State Court Action at the time of

filing the Declaratory Judgment Action, has potential exposure for the claims asserted pursuant to the principal demand as asserted by **Lawton** in the State Court Action.  For **EMC** to contend that the State Court Action is dis-similar from this Declaratory Judgment Action is disingenuous.  The entirety of the complaint for the Declaratory Judgment Action tracks the allegations asserted in the principal demand by the **Lawton** against **Five S** relative to the terms and conditions of the insurance policy as issued by **EMC**.  Thus, all of the allegations upon which **EMC** seeks Declaratory Judgment are contained within the principal demand of the State Court Action.

Based on the above, there is no question that there is a pending State Court Action in which all of the matters in controversy will be fully litigated.  While **EMC** was not technically a party to the State Court Action at the time it filed this Declaratory Judgment Action, it has since been brought in as a direct party to that lawsuit by its insured.  Even before it was named as a third-party defendant, **EMC's** interests were squarely before the State Court *vis-à-vis* its insured being sued and its insured having tendered the claim to **EMC** for defense and indemnity. Courts have recognized that "perfect parallelism" is not required for *Brillhart* abstention, though "the fact that there is related pending state litigation is a factor that weighs strongly in favor of" abstention.  *New England Ins. Co. v. Barnett*, 2007 WL 3288880 (W.D. La.  2007).

In this matter, the issues upon which the Declaratory Judgment Action is sought are in dispute in the pending State Court Action and raised for adjudication.  This significantly favors abstention by this Court.  Further, **EMC** has now been made a party to the State Court Action relative to insurance coverage, thus any issues pertaining to indemnity, coverage, duty to defend, or otherwise, will be fully litigated within the State Court Action.

**(2) The plaintiff filed suit in anticipation of a lawsuit filed by the defendant.**

Based on the pleadings filed to date, **Five S** tendered defense and indemnity of the State Court Action to **EMC** on April 16, 2018.  Apparently, **EMC** did not respond to the tender of defense and indemnity until it simultaneously filed the present Declaratory Judgment Action on November 15, 2018.  It would appear that the timing of responding to the tender of defense and indemnity with the simultaneous filing of the Declaratory Judgment Action was a tactical decision made by **EMC** in an attempt to avoid being named as a defendant in the State Court Action had it chose to issue a reservation of rights and/or deny the tender of defense and indemnity at an earlier date.  Had **EMC** accepted the tender of defense and indemnity, then **Five S** would not have needed to file suit against its liability insurer.  Thus, it would appear that the manner in which **EMC** chose to respond to the tender of defense and indemnity weighs in favor of the conclusion that **EMC** filed this Declaratory Judgment Action in anticipation of being named as a defendant in the State Court Action by **Five S**.

**(3) The plaintiff engaged in forum shopping in bringing the suit.**

**EMC** could have intervened in the State Court Action seeking a determination of coverage in that it had personal interests in the State Court Action based on the allegations in the principal demand and having been provided a tender of defense and indemnity by its insured.  Further, the subject litigation was filed in Calcasieu Parish in that the alleged tortious conduct occurred to land situated in Calcasieu Parish.  When **EMC** decided to file its Declaratory Judgment Action, it could have filed the action by either intervening in the State Court Action in Calcasieu Parish or filing in the Western District of Louisiana, Lake Charles Division being the most proper venue wherein the situs of the subject property is located, and

the location where the tortious conduct was performed by **Five S**.  Instead, **EMC** chose to file in the Middle District of Louisiana.    The fact that **EMC** selected the Middle District as opposed to the Western District suggests a deliberate intent to litigate this matter in a venue other than where the afflicted parties (**Lawton**) sustained damage for conduct occurring in the geographically boundaries of the Western District of Louisiana.  To choose to file in the Middle District instead of the Western District suggests an intentional decision to deprive **Lawton** of its chosen forum which is indicative of forum shopping.  Simply because the Middle District may have been a proper venue does not negate the clear intent of the parties in forum shopping especially when another venue is overwhelmingly the best and most proper choice of venue for the convenience of the parties and in the interests of justice.

As Judge Duplantier stated in *Employers Insurance of Wausau v. Gulf Island Marine, Inc.*, 718 F.Supp. 17 (E.D. La. 1989), "[i]f the U.S. District Courts routinely entertain declaratory actions such as this one, a likely result would be to spawn dual suits whenever a coverage issues arises in a state court claim by a third party against an insured, with a consequent significant  increase in system as well as litigant and witness expense." For this reason, Judge Duplantier went  on, "[t]he discretion which the declaratory judgment statute gives us should surely be exercised so  as to prevent such duplicative proceedings."   Its insistence on maintaining an action in this Court is evidence of its forum shopping. This type of  forum shopping is exactly the rationale behind the discretion granted courts to decline jurisdiction  in cases involving declaratory judgments.

**(4) There are possible inequities in allowing the declaratory plaintiff to gain precedence in  time or to change forum.**

With respect to the issue of insurance coverage, **Five S** and/or **Lawton** are the  proper "plaintiffs" and their chosen forum, which should be honored, is the Louisiana State Court  for

8

the 14th Judicial District in Calcasieu Parish.  *See e.g. National Union Fire Insurance Company of Pittsburgh, PA v. Tangipahoa Parish School Board*, 1996 WL 715521 (E.D. La.). "It is a widely  recognized principle that 'anticipation of defenses is not ordinarily a proper use of the declaratory  judgment  procedure [because] [i]t deprives the plaintiff of his traditional choice of forum and  timing...'" *Id.*

In its Declaratory Judgment Action, **EMC** seeks to enforce exclusionary language relative to claims being presented by **Lawton** against **Five S**.  Thus, this Court will be asked to make factual and evidentiary findings and then interpret the exclusionary language as to whether the language is applicable to the factual findings.  Thus, discovery must be conducted in order to determine whether the exclusionary language is applicable to the claims being presented by **Lawton**.   **EMC** is seeking to "put the cart before the horse" and have a determination made as to coverage without meaningful relevant discovery being completed. Such discovery will be undertaken in the State Court Action and these issues can be raised when discovery has been completed.   For these reasons, this Court should abstain from jurisdiction and allow all parties the opportunity to complete discovery in the State Court Action prior to any determinations are made as to whether the policy language affords or excludes coverage for the claims presented by **Lawton**.

**(5)  The federal court is not a convenient forum for the parties and witnesses.**

The property forming the basis of the present lawsuit is situated in Calcasieu Parish, Louisiana.   The Borrow Pit Agreement entered into between **Lawton** and **Five S** was executed in Calcasieu Parish.  All activity conducted by **Five S** relative to the principal demand filed by **Lawton** occurred within Calcasieu Parish.  Even though **Five S** is domiciled in Baton Rouge, Louisiana, all of its actions as it concerns the subject litigation occurred in Calcasieu Parish. The mere fact that **Five S** is domiciled in Baton Rouge, Louisiana, does not make venue in the

9

Middle District of Louisiana convenient.  Without doubt, the most convenient forum for the parties and the witnesses is in Calcasieu Parish.

**(6) Retaining the lawsuit would not serve the purposes of judicial economy.**

The entirety of the basis of the Declaratory Judgment Action filed by **EMC** arises from the principal demand filed by **Lawton** against **Five S**.  Any issues litigated in the Declaratory Judgment Action will be wholly litigated within the State Court Action as per the principal demand.  The relief sought by **EMC** in the Declaratory Judgment Action can, and will, be sought within the State Court Action now that **EMC** has been named as a Third Party Defendant by **Five S**.  Even though the principal demand contains claims of breach of contract and tort, the conduct upon which these claims are based is the same.  Further, this conduct will be the basis upon which either coverage is afforded pursuant to the policies of insurance issued by **EMC**, or excluded pursuant to other conditions and terms contained in the policies.  Either way, all of the claims will be fully and completely adjudicated within the State Court Action.   To allow a separate action involving identical issues that will be litigated will waste judicial resources, potentially lead to inconsistent findings, and not promote judicial economy.  For these reasons, there is no overriding basis of judicial efficiency that would favor this Court retaining jurisdiction.

<u>Conclusion</u>

When conducting a *Brillhart* analysis, it is abundantly clear that abstention is favored since all issues being raised within this Declaratory Judgment Action will be raised in and adjudicated within the pending State Court Action.  Thus, **Lawton** joins in with **Five S** and respectfully requests that the Court grant the Motions to Dismiss **EMC's** Complaint for Declaratory Relief and assess **EMC** with all costs of these proceedings.

Respectfully submitted,

**PLAUCHE SMITH & NIESET**

**ERIC W. ROAN (Bar Roll No. 22568)**
1123 Pithon Street
Lake Charles, Louisiana 70601
Phone:  (337) 436-0522
Facsimile:  (337) 436-9637
Email: eroan@psnlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically with the Clerk of Court  using the CM/ECF system. Notice of this filing will be sent to all counsel of record by virtue of  the Court's electronic  filing  and  case  management  system  on  this  31st  day  of December, 2018.

**ERIC W. ROAN**

11