UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**EMPLOYERS MUTUAL CASUALTY CO.**   :   **DOCKET NO. 2:19-cv-0191**

**VERSUS**   :   **UNASSIGNED DISTRICT JUDGE**

**FIVE STAR INDUSTRIAL LLC, ET AL.**   :   **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court are Motions to Dismiss [docs. 16, 23] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants in this matter. The motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I.**
**BACKGROUND**

This suit began as a complaint for declaratory judgment filed under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under an assertion of diversity jurisdiction under 28 U.S.C. § 1332.[1] Doc. 1. Plaintiff Employers Mutual Casualty Company ("EMC") initiated this suit and seeks a declaration of its defense and indemnity obligations under commercial general liability policies it issued to Five Star Industrial, LLC and Five S Industrial, LLC (collectively, "Five Star"), in a suit pending against Five Star in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, pp. 1–2. Plaintiffs in the state court suit, J. Lawton Company, LLC, and the

---

[1] This suit was initiated in the United States District Court for the Middle District of Louisiana. Doc. 1. After the motions to dismiss had been fully briefed, the case was transferred to this district pursuant to a joint motion to transfer filed by Lawton, Five Star, and EMC. Docs. 32, 33.

William B. Lawton Family Limited Partnership (collectively, "Lawton") are also named as defendants in this suit. *Id.* at 3–5.

The state court suit began on April 9, 2018, when Lawton filed a petition for damages arising out of excavation that Five Star performed on Lawton's land. *See* doc. 1, att. 6. The state court record shows that Five Star filed a third party demand against several entities, not including EMC, on April 10, 2018. Doc. 22, att. 1. Five Star and Lawton were named as defendants to this suit under the petition filed on November 15, 2018. On December 12, 2018, Five Star moved for dismissal under Rule 12(b)(6), asserting that this court should abstain from hearing the declaratory judgment action due to the pending state court suit. Doc. 16. On the same date, it asserted, it joined EMC to the state court suit via motion for leave to amend its third party demand and assert a claim against that entity relating to insurance coverage. *Id.*

Lawton also filed a motion to dismiss in this suit [doc. 23], and EMC submitted in opposition to both motions that there was no proof that it had been joined to the state court suit. Docs. 22, 29. When neither Lawton nor Five Star responded to this charge, the court issued a report and recommendation recommending that the motions to dismiss be denied. Doc. 39. On objections to the report and recommendation, Five Star provided proof that its motion and proposed amended third party demand had been filed as it alleged and granted on December 20, 2018. Doc. 40; doc. 40, att. 1. EMC admits that it was served with this demand on February 7, 2019, after it had submitted its opposition to the motions to dismiss. Doc. 43, p. 2 n. 7. Because this proof altered a material assumption of the report and recommendation, we rescinded that opinion and ordered the parties to submit supplemental briefs on whether the factors pertaining to dismissal, *infra*, were altered by the fact of EMC's presence in the state court suit. Doc. 42. The parties have submitted their briefs and the Motions to Dismiss are now ripe for reevaluation.

## II.
## LAW & ANALYSIS

### A. *Rule 12(b)(6) Standards*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted."[2] When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court may, however, consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) unpublished) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) and *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007)).

Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor will a complaint suffice if it tends naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (cleaned up). Instead, the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each

---

[2] Some dispute exists over whether abstention arguments should be raised under Rule 12(b)(1), which concerns a court's subject matter jurisdiction over a case, or Rule 12(b)(6), which concerns the plaintiff's ability to state a claim on which relief can be granted. *See, e.g.*, *M.D. v. Perry*, 799 F.Supp.2d 712, 715 n. 3 (S.D. Tex. 2011) (discussing *Younger* and *Burford* abstention). Because abstention doctrines ask the court to exercise its discretion in determining whether to exercise jurisdiction, rather than challenging the existence of that jurisdiction, we find the deference accorded to plaintiff under Rule 12(b)(6) more appropriate. Accordingly, we follow the example of other district courts and construe the motions as they were asserted, under Rule 12(b)(6). *See, e.g.*, *Acc. Fund Gen. Ins. Co. v. Sayaz*, 2016 WL 10654082, at *5 (S.D. Tex. Aug. 4, 2016); *West Side Transp., Inc. v. Apac Miss., Inc.*, 237 F.Supp.2d 707, 712–13 (S.D. Miss. 2002); *Philadelphia Indem. Ins. Co. v. Stebbins Five Cos., Ltd.*, 2002 WL 31875596, at *5 (N.D. Tex. Dec. 20, 2002).

element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## B. Application

Lawton and Five Star assert that this matter should be dismissed under *Brillhart v. Excess Insurance Co. of America*, 62 S.Ct. 1173 (1942), which gives district courts discretion to stay or dismiss a declaratory judgment action "when a parallel suit not governed by federal law and presenting the same issues is pending in state court."[3] *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002); *Century Sur. Co. v. Blevins*, 799 F.3d 366, 373 (5th Cir. 2015). EMC does not contest that Louisiana law applies to its coverage obligations or that the coverage issues might otherwise be litigated in the pending state court suit. Accordingly, *Brillhart* applies to this matter. The court takes judicial notice of the state court record, including the amended third party demand and motion to file same.

"Under *Brillhart*, a district court should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court." *Sherwin-Williams v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (internal quotations omitted). "In the declaratory judgment context, the normal [principle] that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and

---

[3] By contrast, the more stringent standard announced in *Colorado River Water Conservation District v. United States*, 96, S.Ct. 1236 (1976), applies to suits involving claims for coercive relief. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009). Under that standard, the court has a "virtually unflagging obligation" to exercise its jurisdiction. *Id.* (quoting *Colorado River*, 96 S.Ct. at 1246).

wise judicial administration." *Princeton Excess & Surplus Lines Ins. Co. v. Mehendi LLC*, 2014 WL 782832, at *1 (W.D. La. Feb. 24, 2014) (citing *Wilton v. Seven Falls Co.*, 115 S.Ct. 2137, 2143 (1995)). While the court's discretion to entertain a declaratory judgment suit "is broad, it is not unfettered." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (internal quotations omitted). In determining whether abstention is appropriate, Fifth Circuit courts look to the following non-exclusive factors:

> (1) Whether there is pending state court litigation in which all matters in controversy may be fully litigated;
>
> (2) Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) Whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) Whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forum;
>
> (5) Whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) Whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court hearing the parallel pending state suit.

*Sherwin-Williams*, 343 F.3d at 388 (citing *Trejo*, 39 F.3d at 590–91).[4] These factors balance the following concerns: (1) proper allocation of decision-making between the state and federal courts, (2) fairness, and (3) efficiency. *Id.* at 390–91. A district court must address and balance the

---

[4] Five Star relies heavily on *Employers Insurance of Wausau v. Gulf Island Marine, Inc.*, 718 F.Supp. 17 (E.D. La. 1989), in both its motion and reply. This case preceded the Fifth Circuit's announcement of the *Trejo* factors and the case from which *Trejo*'s list was derived, *Travelers Ins. Co. v. La. Farm Bureau Federation*, 996 F.2d 774 (5th Cir. 1993). Although Judge Duplantier cited concerns of judicial economy, convenience, and the degree to which the state and federal suits were parallel, the age of that case and its independence from clearly established Fifth Circuit precedent set forth in the years since render it of minimal persuasive value.

purposes of the Declaratory Judgment Act and the above factors on the record. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001).

### 1. Factors 1 & 7: Pending state court suit and interpretation of state judicial decree

"The first *Trejo* factor, whether there is a pending state action in which all the matters in the controversy may be litigated, requires the court to examine comity and efficiency." *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 Fed. App'x 159, 166 (5th Cir. 2015) (internal quotations omitted). This factor is an important one and "the lack of a pending parallel state proceeding . . . weighs strongly *against* dismissal." *New England Ins. Co. v. Barnett*, 2007 WL 3288880, at *4 (W.D. La. Nov. 6, 2007) (citing *Sherwin-Williams*, 343 F.3d at 394) (emphasis in original). "To favor abstention, there not only needs to be a related state court proceeding, but one with the insurer as a party and with the same legal issues presented." *Ironshore*, 624 Fed. App'x at 166.

EMC asserts that it is now contesting the third party demand through a dilatory exception in the state court suit. Doc. 43, p. 3. Nevertheless, for the time being EMC is also a party to the state court action thanks to a claim filed by Five Star. Specifically, Five Star seeks relief under Louisiana Revised Statutes §§ 22:1982 and 1973 for bad faith denial of insurance coverage. Doc. 40, att. 1.

EMC maintains that the state court claims do not create a parallel proceeding. Specifically, it notes that the state court suit involves other parties and "allegations of negligence, breach of contract, unfair trade practice, racketeering, professional negligence, environmental remediation, etc." Doc. 43, p. 3. On the other hand, this suit only seeks a ruling on insurance coverage that EMC owes to Five Star, based on the contract between the two and the claims asserted by Lawton in the state court action. *Id.*

As this court has noted, "perfect parallelism" between the state and federal cases is not required in order for this factor to weigh in favor of dismissal. *Barnett*, supra, 2007 WL 3288880, at *4 (citing *Sherwin-Williams*, 343 F.3d at 394). Instead, *Trejo* only requires "a pending state action in which all of the matters in controversy may be fully litigated" in order to trigger the relevant federalism concerns. *Lamonda v. S.E.C.*, 2011 WL 5080365, at *3–*4 (N.D. Tex. Sep. 22, 2011) (quoting *Trejo*, 39 F.3d at 590–91). Accordingly, the fact that the state court litigation might present additional issues or call for slower resolution of the issue presented in the declaratory action does not mean that the actions are not parallel. *Encompass Indem. Co. v. O'Brien*, 2015 WL 772093, at *2 (E.D. La. Feb. 23, 2015).

The state court claims allege bad faith denials of coverage. Accordingly, the state court will first have to decide what coverage obligations, if any, EMC owes to Five Star. This issue is grounded in state law and may be fully resolved in the state court suit. Accordingly, the first factor weighs in favor of dismissal.

The seventh *Trejo* factor likewise addresses the proper allocation of decision-making between the state and federal courts. Unlike with the first factor, however, the maturity of the state court suit is of substantial significance – the seventh factor will not apply unless the federal court is being called upon to construe a state judicial decree. Where there are no orders or decrees to interpret from the parallel state court proceeding, this factor has no relevance. *Encompass Indem. Co.*, 2015 WL 772093, at *3. Here Five Star and Lawton point to nothing that must be interpreted from the state court suit. Accordingly, this factor has no bearing on the court's decision. Because, however, a parallel proceeding exists and the first factor weighs in favor of dismissal, the balance of these concerns likewise supports abstention.

### *2. Factors 2–4: Anticipation of suit, engagement in forum shopping, possible iniquities*

The second, third, and fourth *Trejo* factors concern whether the plaintiff "is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391–2. As the Fifth Circuit has noted, however, these labels cannot be applied literally. *Id.* Declaratory judgment suits are often "anticipatory" because they are "appropriately filed when there is an actual controversy that has resulted in or created a likelihood of litigation" and because more than one forum may be proper, the plaintiff is entitled to make a selection. *Id.* The court requires more than the plaintiff's ability to "predict[] that there would be a related suit filed in state court" to make his actions "an instance of forum-shopping instead of a reasonable assertion of its rights under the declaratory judgment statute . . . ." *Ironshore*, 624 Fed. App'x at 167. Instead, courts look to factors that suggest "procedural fencing," such as filing the declaratory action before the other party is legally able to bring a state action due to some exhaustion requirement or using the federal court suit for the sole purpose of determining which state's law would apply. *Sherwin-Williams*, 343 F.3d at 397–99.

Lawton and Five Star present nothing in support of these factors except the fact that EMC chose to file this action rather than appearing in the state court suit, of which it had knowledge, under a reservation of rights. Accordingly, the court does not vary from its findings in the previous report and recommendation. Filing suit in the Middle District of Louisiana did not change the law that would apply to the declaratory judgment claims. That district appeared to be a proper venue for the suit, based on the principal places of business of the Five Star entities, and EMC readily agreed to a transfer of venue to this court. Lawton and Five Star can demonstrate no purpose to EMC's decision to file in federal court other than the "proper purpose of [Declaratory Judgment Act suits] . . . to allow potential defendants to resolve a dispute without waiting to be sued or until

the statute of limitations expires," and "the traditional justification for diversity jurisdiction, to protect out-of-state defendants." *Sherwin-Williams*, 343 F.3d at 397, 399 (internal quotation omitted).

Five Star also asserts that possible inequities exist because it is being deprived of its/Lawton's chosen forum and timing. However, EMC is the proper plaintiff in the declaratory judgment action and is likewise entitled to choose a forum for that suit. Lawton, meanwhile, asserts that inequities exist because the coverage claims will involve discovery into the merits of Lawton's claims in the state court suit to determine whether exclusions apply under EMC's policies. Any inconvenience arising from duplicated discovery is insufficient to show that allowing the declaratory suit to proceed is potentially inequitable. As EMC notes, federal district courts in Louisiana, including this one, have repeatedly found that no inequity exists and the insurer will gain no unfair advantage by maintaining the separate declaratory suit where the same state law will govern interpretation of the policy regardless of where the claims proceed. *See Houston Spec. Ins. Co. v. Ascension Insulation & Supply, Inc.*, 2018 WL 3800052, at *3 (W.D. La. Jul. 25, 2018); *Massachusetts Bay Ins. Co. v. USIE*, 2018 WL 1834368, at *5–*6 (W.D. La. Mar. 26, 2018); *Hanover Ins. Co. v. Superior Labor Svcs.*, 2017 WL 2973079, at *7 (E.D. La. Jul. 12, 2017); *Western World Ins. Co. v. Noah N. Flom & NNF Properties, LLC*, 2019 WL 142288, at *4 (E.D. La. Jan. 9, 2019). Additionally, as this court recently emphasized, "there is nothing inequitable to [the insured] for a court to declare" that the insurer has no defense or indemnity obligation, if that is the case, before such defense can be provided in the state court.[5] *Ascension Insulation & Supply*,

---

[5] Both Five Star and Lawton argue that, because the insurer was not named in the state court proceeding in *Houston*, that case holds no persuasive value. Doc. 44, p. 6; doc. 45, p. 4. Because the existence of parallel proceedings is already considered under the first, sixth, and seventh *Trejo* factors, where it carries great weight, we do not accord it great relevance under this factor. Instead, we look primarily to the facts that (1) EMC had not yet been named as a party to the state court proceeding when it filed this suit and (2) filed suit under a proper purpose of the Declaratory Judgment Act, as recognized by the Fifth Circuit. *See Sherwin-Williams*, 343 F.3d at 397 ("A proper purpose of [the DJA] is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations

2018 WL 3800052 at *3; *see also Superior Labor Svcs., Inc.*, 2017 WL 2973079, at *7 (same). Accordingly, defendants cannot show that any inequity exists in allowing the declaratory action to proceed and these factors do not support dismissal.

### 3. *Factor 5: Convenience of federal forum*

Five Star and Lawton initially argued that the federal forum is inconvenient because the acts giving rise to the state court suit occurred in Calcasieu Parish, Louisiana, and because all witnesses and counsel (except for EMC's counsel) reside in that parish. Doc. 16, att. 1, p. 6; doc. 23, att. 1, pp. 9–10. The declaratory action has been transferred at the parties' joint motion to this division of the Western District of Louisiana, and our courthouse is less than a mile from the Fourteen Judicial District's courthouse. Accordingly, Five Star acknowledges that this factor is neutral. Doc. 44, p. 5.

Lawton asserts that the federal forum is inconvenient because it will require the parties "to engage in piecemeal litigation involving identical issues." Doc. 45, p. 4. Courts primarily address the convenience factor in geographic terms, even where they find that a parallel state court action is pending, and regard it as neutral when the state court action is pending in the same district where the federal courthouse is located. *E.g.*, *Canopius Ins. Inc. v. Arbor Experts, LLC*, 965 F.Supp.2d 777, 782–83 (S.D. Miss. 2013); *Atain v. Spec. Ins. v. Bourgeois*, 2016 WL 1545758, at *5 & n. 3 (E.D. La. Apr. 14, 2016); *see also Sherwin-Williams*, 343 F.3d at 400–01 ("The fact that it would not be as convenient for all the declaratory judgment defendants to litigate in the federal district court as it would be for them to litigate in the nearest state courthouse does not mean that it is unduly burdensome for them to do so.") Accordingly, we instead address this concern below as one of judicial economy.

---

expires."); *see also Massachusetts Bay Ins. Co.*, 2018 WL 1834368, at *4 (listing improper reasons for bringing a declaratory judgment, none of which has been shown to apply to this case).

### 4. *Factor 6: Judicial Economy*

The final part of our analysis focuses on "whether retaining the lawsuit would serve the purposes of judicial economy." *Sherwin-Williams*, 343 F.3d at 388. It is well established that federal courts "should avoid duplicative or piecemeal litigation where possible," because such litigation risks inconsistent rulings and unnecessary duplication of judicial resources.[6] *Id.* at 391; *Ford v. Monsour*, 2011 WL 4808173, at *6 (W.D. La. Oct. 11, 2011). Where the relevant parties are joined in the state court suit and all claims may be fully litigated in that forum, this factor favors abstention. *Mehendi*, 2014 WL 782832, at *3. Because that has now been shown to be the case in this matter, the sixth factor weighs in support of dismissal.

Balancing the factors, the court finds no wrongdoing or inequity in EMC's pursuit of declaratory relief here. The balance of the *Trejo/Brillhart* factors, however, favors abstention given that the insurance coverage issues have also been raised in the state court suit. Accordingly, the court should abstain from exercising jurisdiction over the suit and instead dismiss the matter without prejudice.

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motions to Dismiss [docs. 16, 23] be **GRANTED** and that the suit be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

---

[6] As EMC notes, the Fifth Circuit has found that the federal court's resolution of a coverage question may sometimes "enhance[] judicial economy, by 'potentially reducing the number of issues the state court might have to address.'" *Western World Ins. Co. v. Flom*, 2019 WL 142288, at *4 (E.D. La. Jan. 9, 2019) (quoting *Canal Ins. Co. v. Smith*, 208 F.3d 1006, 2000 WL 177919, at *6 (5th Cir. 2000) (unpublished)). In both *Flom* and *Smith*, however, there was no parallel claim in state court and the courts were instead musing on the possibility that coverage issues might eventually be raised in the state court action. Where, as here, the coverage issues are already raised between the same parties in the state court proceeding, courts have found as described above that the federal suit is duplicative.

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE